UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAPLEBEAR INC., a corporation, d/b/a<br><br>INSTACART,<br><br>　　　　Defendant. | Case No. 3:25-cv-10783<br>(4)<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) & 57b, and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404.  The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and ROSCA, 15 U.S.C. § 8403,

by making false or misleading claims in its advertising and marketing of certain goods or services, failing to disclose Material terms of its subscription membership service, and charging consumers for annual subscription memberships without their consent.

3.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.      Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "**Billing Information**" means any data that enables any person to access a consumer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

B.      "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

C.      "**Clearly and Conspicuously**" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by reasonable consumers, including in all of the following ways:

    1.  In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication

     even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for reasonable consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet, mobile application, or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to reasonable consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, older adults, or the terminally ill, "reasonable consumers" includes members of that group.

  D. "**Defendant**" means Maplebear Inc. d/b/a Instacart and its successors and assigns.

  E. "**Government charges**" means the fees or charges imposed on the transaction by a Federal, State, Tribal, or local government agency, unit, or department.

  F. "**Material**" means likely to affect a person's choice of, or conduct regarding, goods or services.

  G. "**Negative Option Feature**" means, in an offer or agreement to sell or provide any goods or services, a provision under which the customer's silence or failure to take an affirmative

action to reject goods or services or to cancel the agreement is interpreted by the Defendant as acceptance of the offer or agreement.

## ORDER

### I.   PROHIBITIONS REGARDING THE COST OF DELIVERY

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from:

    A. Misrepresenting, expressly or by implication:

        1. The amount a consumer will pay for Defendant's services in connection with a delivery order;

        2. The fact that other fees apply, if any, to purchase, receive, or use the good or service;

        3. That a consumer of a good or service will receive free delivery or delivery for a nominal or otherwise discounted fee;

        4. Any other Material restriction, limitation, or condition relating to the total costs of the transaction or the costs of the services Defendant provides in connection with the transaction; and

    B. Failing to disclose, Clearly and Conspicuously, any time Defendant represents expressly or by implication that a consumer can receive free delivery or delivery for a nominal or otherwise discounted fee, the fact that a consumer must pay other fees, if any, other than Government charges, in connection with such offer or promotion.

### II. PROHIBITIONS REGARDING SATISFACTION GUARANTEE AND REFUND CLAIMS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service advertised with a "satisfaction guarantee," "money-back

guarantee," or similar representation denoting or implying that a consumer can obtain a full refund (individually or collectively, "the Guarantee"), are permanently restrained and enjoined from:

    A.    Failing to disclose, Clearly and Conspicuously, any Material restrictions, limitations, or conditions that apply to the Guarantee, including any limitations on a consumer's ability to obtain a full refund at the consumer's request;

    B.    Misrepresenting, expressly or by implication:

        1.    That a consumer can receive a refund if the consumer is not satisfied with a purchase;

        2.    Whether refunds are available to consumers;

        3.    Any other Material restrictions, conditions, or limitations regarding Defendant's refund policies; and

    C.    Failing to disclose, Clearly and Conspicuously, prior to providing a refund, credit, or similar remedy to a consumer pursuant to the Guarantee, information about each type of remedy Defendant makes available to a consumer and how a consumer can obtain such remedy.

## III. PROHIBITION AGAINST MISREPRESENTATIONS RELATED TO NEGATIVE OPTION FEATURES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from misrepresenting, expressly or by implication, any Material fact of the transaction, including any of the following:

    A.    The existence of a Negative Option Feature;

    B.    Any term of the Negative Option Feature, including:

        1.    How and to what consumers are consenting;

        2.    Any deadline to prevent or stop a Charge;

        3.    The cancellation of the Negative Option Feature; or

        4.    Any conditions, restrictions, or limitations on obtaining a refund of a Charge;

  C. Cost, excluding Government charges; and

  D. The process for cancelling a Negative Option Feature.

### IV. REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

  A. Failing to Clearly and Conspicuously disclose to a consumer, prior to obtaining the consumer's Billing Information, all Material terms of the transaction, including, but not limited to:

    1. That consumers will be Charged for the good or service, or that those Charges will increase after any applicable trial period ends, and, if applicable, that the Charges will be on a recurring basis, unless the consumer timely takes steps to prevent or stop such Charges;

    2. Each deadline (by date or frequency) by which the consumer must act to prevent or stop the Charges; and

    3. The amount (or range of costs) the consumer will be Charged and, if applicable, the frequency of the Charges a consumer will incur unless the consumer takes timely steps to prevent or stop those Charges.

  B. Failing to provide:

    1. The disclosures required by Section IV.A.1-3 immediately adjacent to the means of recording the consumer's consent for the Negative Option Feature; and

    2. The disclosures required by Section IV.A, including, but not limited to, the disclosures required by Section IV.A.1-3, before obtaining the consent required pursuant to Section V.

## V. OBTAINING EXPRESS INFORMED CONSENT

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from failing to obtain the consumer's express informed consent before Charging the consumer. In obtaining such express informed consent, Defendant must obtain the consumer's express, affirmative consent to the Negative Option Feature offer.

## VI. MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Sixty Million Dollars ($60,000,000) is entered in favor of the Commission against Defendant as monetary relief.

B. Defendant is ordered to pay to the Commission $60,000,000 which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 14 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## VII. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendant acknowledges that Defendant's Employer Identification Number or other

Taxpayer Identification Number ("TIN"), including all TINs that Defendant previously provided, may be used by the Commission for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. §7701.

E. All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint. Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F. No direct redress will be administered to any person who formally has waived their interest, or the interest of their minor child, in direct redress.

## VIII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtains acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to:

(1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives with managerial responsibilities for conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

      C.      From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant makes timely submissions to the Commission:

      A.      One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;
2. identify all of Defendant's businesses that provide goods or services to consumers in the United States related to the subject matter of this Order by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;
3. describe the activities of each such business, including the goods and services offered, the means of advertising, marketing, and sales;
4. describe any of Defendant's goods or services offered with a Negative Option Feature, including the means of marketing, advertising, and selling the Negative Option Feature; the terms of each Negative Option Feature; the enrollment and cancellation processes; whether the Negative Option is offered through a free trial; and the timing and amount of Charges associated with the Negative Option Feature, including at the end of a free trial;
5. describe in detail whether and how Defendant is in compliance with each Section of this Order; and

      6.    provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

      1.    any designated point of contact; or

      2.    the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Maplebear Inc. d/b/a Instacart.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 5 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B.    records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any response;

C.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

D.    a representative sample of advertisements or other marketing material concerning the subject matter of this Order; and

E.    for any goods or services sold with a Negative Option Feature through any platform, application, device, or other interactive electronic medium: a digital version of each unique page or screen of the enrollment processes for United States consumers, including what appears behind all links, hover-overs, tooltips, etc., on those pages relating to the Negative Option Feature.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69, provided that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.    For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.    The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any

individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII. ORDER TERMINATION DATE

IT IS FURTHER ORDERED that this Order will remain in effect for 10 years after its entry by this Court, after which point it will expire and no longer impose any requirements on Defendant.

## XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: January 13, 2026

_____
JON S. TIGAR
UNITED STATES DISTRICT JUDGE

1  SO STIPULATED AND AGREED:

2  FOR PLAINTIFF:

3  FEDERAL TRADE COMMISSION

4

5  _____            Date: 12/18/2025

6  ALAN BAKOWSKI
   HANS CLAUSEN
7  CHRISTOPHER GLEASON
   Federal Trade Commission
8  401 W. Peachtree Street, NW, Suite 1500
   Atlanta, Georgia 30308
9  (404) 656-1363; abakowski@ftc.gov
10 (404) 656-1361; hclausen@ftc.gov
   (404) 656-1352; cgleason@ftc.gov
11

12 FOR DEFENDANT MAPLEBEAR INC. D/B/A INSTACART:

13

14 _____            Date: 11/26/2025
   JONATHAN DIRENFELD
15 Orrick, Herrington & Sutcliffe
   2100 Pennsylvania Avenue NW
16 Washington, D.C. 20037
   (202) 339-8614; jdirenfeld@orrick.com
17 COUNSEL for Defendant Maplebear Inc. d/b/a Instacart

18
   _____            Date: 11/26/2025
19 ANTONY KIM
   Latham & Watkins LLP
20 555 Eleventh Street, NW, Suite 1000
   Washington, D.C. 20004
21 (202) 637-3394; antony.kim@lw.com
22 COUNSEL for Defendant Maplebear Inc. d/b/a Instacart

23
   _____            Date: 11/26/2025
24 MORGAN WILLIAM FONG
25 General Counsel
   FOR MAPLEBEAR INC. D/B/A INSTACART
26

27

28

                                        13    STIPULATED ORDER, CASE NO. 3:25-cv-10783

Doc ID: 3630ce2b1ff2cb0bbad1ae88ab002a03110deaed